Copy

163850

FILED

2010 JAN ... 2:52

RICHARD R. ... CLERK

... D.C.

STATE OF TENNESSEE
IN THE CIRCUIT COURT FOR DAVIDSON COUNTY

GERALD MICHAEL SCHMIDT,           )
                                  )
          Plaintiff,              )
                                  )
vs.                               )     CASE NO: ~~08C1555~~ 10C139
                                  )
LODEN VISION CENTER, JAMES C.     )
LODEN, M.D., and ALCON            )
LABORATORIES, INC.                )
                                  )
          Defendants.             )

## FIRST ~~AMENDED~~ COMPLAINT

The plaintiff, Gerald Michael Schmidt, for his causes of action, state to the Court as follows:

### (FACTS COMMON TO ALL CAUSES OF ACTION)

1. That at all times mentioned in this complaint, Gerald Michael Schmidt was and still is a citizen and resident of Nashville, Davidson County, Tennessee.

2. That at all times mentioned in this complaint, the Defendant James C. Loden was and still is a resident of Davidson County, Tennessee.

3. That at all times mentioned in this complaint, Defendant James C. Loden was and still is a physician duly licensed to practice medicine in the State of Tennessee.

4. That at all times mentioned in this complaint, Defendant Physician was and still is a physician maintaining offices for the practice of medicine, Loden Vision Center,

EXHIBIT

Copy

within the City of Goodlettsville and in other surrounding mid-state counties.

5. That at all times mentioned in this complaint, Defendant Physician held himself out to the Plaintiff and to the general public as a physician competent to care for and to treat the Plaintiff.

6. That at all times mentioned in this complaint, Defendant Physician held himself out to the Plaintiff and the general public as a specialist in the field of refractive eye surgery, and to possess a special knowledge and skill in the performance of LASIK (laser-assisted in situ keratomileusis) eye surgery.

7. That at all times mentioned in this complaint, Defendant Physician represented to Plaintiff and to the general public that he was possessed of and exercised the standard of learning, skill, care, knowledge and diligence of specialists in the field of refractive eye surgery, and particularly in the performance of LASIK eye surgery, in the City of Goodlettsville, County of Davidson, State of Tennessee, and in comparable localities.

8. That at all times mentioned in this complaint, Defendant Alcon Laboratories, Inc., is a foreign corporation, with its United States headquarters located in Ft. Worth, Texas, and is authorized to do business and doing business in the state of Tennessee and engages in the manufacture of, among other things, the Ladarvision excimer laser for refractive eye surgery.

(FIRST CAUSE OF ACTION)
(MEDICAL MALPRACTICE)
(AGAINST LODEN AND LODEN VISION CENTER)

9. Plaintiff re-alleges paragraphs 1 through 8 as though fully set forth herein.

10. That at all times mentioned in this complaint, Defendant Physician undertook to treat and in fact rendered LASIK surgical treatment to the Plaintiff.

Copy

11. That at all times mentioned in this complaint, there existed a doctor-patient relationship between the Plaintiff and Defendant Physician.

12. The Plaintiff was a patient under the care of Defendant Physician during the period of December 5, 2006 through October 21, 2007.

13. That on December 5, 2006, April 23, 2007 and May 18, 2007, the Plaintiff was examined by and consulted with Defendant Physician and/or employees of Defendant Loden Vision Center in the matter of the correction and treatment of certain eye disorders, namely Myopia with astigmatism, and Defendant Physician and/or employees of Defendant Loden Vision Center recommended bilateral LASIK eye surgery as treatment.

14. That on May 18, 2007, the date of the surgery, the Plaintiff presented with pupils larger than average which were medical and ophthalmological contraindications to the performance of LASIK eye surgery on either eye.

15. That on December 5, 2006, April 23, 2007 and May 18, 2007 the Plaintiff was an inappropriate candidate for LASIK eye surgery on either eye.

16. That Defendant Physician, for a valuable consideration, undertook to care for and treat Plaintiff's condition.

17. That on May 18, 2007 Defendant Physician performed bilateral (both eyes) LASIK eye surgery on Plaintiff in his LASIK treatment room employing an intralase flap cutter and Ladarvision excimer laser.

18. That as a proximate result of Defendant Physician's negligent and careless performance of the bilateral LASIK eye surgery on Plaintiff eyes, the Plaintiff has suffered from or currently suffers from low pressure in his eyes, vitreous syneresis,

Copy

posterior vitreous detachments, eye floaters, irregularly shaped corneas and irregular astigmatism.

19. That as a proximate result of Defendant Physician's negligent and careless performance of the bilateral LASIK eye surgery on Plaintiff's eyes, the Plaintiff is experiencing star-burts, glare or halos, poor night vision and dry eyes.

20. That Defendant Physician was negligent in the performance of the bilateral LASIK eye surgery on Plaintiff's eyes, in that he failed to exercise the degree of skill and care, or to possess the degree of knowledge, ordinarily exercised or possessed by other physicians specializing in refractive eye surgery engaged in the performance of LASIK eye surgery in the City of Goodlettsville, State of Tennessee, or in similar localities, in that Defendant Physician negligently and carelessly performed LASIK eye surgery on the Plaintiff. Defendant Physician was negligent and careless in the following particulars among others, in his surgical treatment of Plaintiff:

   a. Failed to take a proper medical and ophthalmological history;

   b. Failed to properly perform diagnostic eye examinations;

   c. Failed to properly interpret the results of diagnostic eye examinations;

   d. Failed to render a proper and accurate diagnosis of eye conditions or eye diseases;

   e. Failed to recommend a proper course of eye treatment;

   f. Failed to recommend and perform only LASIK eye surgery which was ophthalmologically necessary and medically indicated;

   g. Failed to identify contraindications to LASIK eye surgery;

   h. Failed to recommend available alternatives to LASIK eye surgery;

   i. Failed to obtain an informed consent to LASIK eye surgery;

Copy

j.  Failed to prepare a proper LASIK treatment plan;

k.  Failed to identify Plaintiff as an inappropriate candidate for LASIK eye surgery;

l.  Failed to properly maintain the excimer laser;

m.  Failed to properly calibrate and preprogram the computer of the excimer laser;

n.  Failed to properly use and employ the excimer laser and its computer in the performance of LASIK eye surgery;

o.  Failed to properly use, insert, and employ eye instrumentation;

p.  Failed to properly create the hinged corneal flap;

q.  Failed to perform LASIK eye surgery with proper skill, care and diligence;

r.  Failed to employ proper surgical and intralase surgical technique in creating the hinged cornea flap;

s.  Failed to employ proper surgical and excimer laser surgical technique in the photoablation process;

t.  Failed to properly monitor Plaintiff during the LASIK eye surgery;

u.  Failed to diagnose and treat complications of the LASIK eye surgery;

v.  Subjected Plaintiff to unnecessary harm;

w.  Misadvised Plaintiff as to the true results of the LASIK eye surgery performed on him; and

x.  Otherwise failed to use that degree of care and skill required of physicians practicing in Defendant Physician's refractive surgery specialty (LASIK eye surgery), taking into account the existing state of knowledge and practice in the profession.

21. The Defendant Vision Center employed various employees, servants and agents, all of whom acted within the course and scope of their employment at the time of their care and treatment of Plaintiff. Any carelessness or negligence of any of the

Copy

employees or agents of the Defendant Vision Center is, as a matter of law, imputed to the Defendant Vision Center.

22. As a direct and proximate result of the malpractice, negligence, carelessness, and intentionally wrongful conduct of the Defendant Physician as described hereinabove, Plaintiff has sustained severe and permanent physical injuries, has required additional medical treatment He has suffered great physical and mental pain, suffering, shock, agony, subsequent medical treatments emotional stress and depression. He has incurred medical, ophthalmological, and other expenses. All of plaintiff's conditions continue at the present time and will continue in the future, in an amount to be proven at trial, but in any event, no less than two million dollars ($2,000,000.00).

## (SECOND CAUSE OF ACTION)
### (RES IPSA LOQUITUR)
### (AGAINST LODEN AND LODEN VISION CENTERS)

23. Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth herein.

24. That the circumstances and conditions of the LASIK eye surgery performed on Plaintiff were such that, in the absence of negligence, no injury would have resulted to the Plaintiff; and the instrumentalities for performing the LASIK eye surgery on Plaintiff were in the exclusive control and management of the Defendant Loden and/or Loden Vision Center employees.

25. As a direct and proximate result of the malpractice, negligence, carelessness, and wrongful conduct of the Defendant Physician as described herein above, Plaintiff has sustained severe and permanent physical injuries, has suffered great physical and mental pain, suffering, shock, agony, additional medical treatment, emotional distress and depression. He has incurred ophthalmological, medical, and other expenses. All

Copy

of Plaintiff's conditions continue at the present time and will continue in the future, in an amount to be proven at trial, but in any event, no less than two million dollars ($2,000,000.00).

### (THIRD CAUSE OF ACTION)
### (NEGLIGENCE)
### (AGAINST ALCON LABORATORIES, INC.)

26. Plaintiff re-alleges paragraphs 1 through 8 as though fully set forth herein.

27. On May 18, 2007, Plaintiff's eye surgeon, Dr. James C. Loden, performed LASIK eye surgery on Plaintiff employing a Ladarvision excimer laser.

28. The Ladarvision excimer laser beam is used by ophthalmologists during refractive eye surgery to reshape a patient's cornea.

29. It is and was a common occurrence for patients who have received LASIK surgery using a Ladarvision excimer laser to have attained 20/20 vision after LASIK surgery, but still consider the results of the surgery to be unsatisfactory due to the patient's loss of quality of life caused by the patient's vision becoming less sharp, having poor night vision, glare or halos or dry eye. Defendant Alcon has had knowledge of such unsatisfactory results since at least 2003.

30. The Ladarvision excimer laser is more likely to be associated with LASIK complications than lasers manufactured by other companies.

31. Since Plaintiff's LASIK surgery using a Ladarvision excimer laser on May 18, 2007, he has suffered from or currently suffers from the Plaintiff is experiencing star-burts, glare or halos, poor night vision, dry eyes, low pressure in his eyes, vitreous syneresis, posterior vitreous detachments, eye floaters, irregularly shaped corneas and irregular astigmatism.

32. The injuries to the Plaintiff are the direct and proximate result of the carelessness and negligence of the defendant. Defendant Alcon designed, manufactured assembled, tested and inspected the Ladarvision excimer laser; Defendant Alcon negligently sold and delivered the laser to Defendant(s) Loden and/or Loden Vision Center for ultimate use by Defendant Loden when Defendant Alcon knew or with reasonable care should have known the laser was dangerous and defective in design or was in a dangerous or defective condition thereby negligently failing to use reasonable care to prevent injury to the Plaintiff; the Defendant Alcon negligently failed to warn the Plaintiff and/or Defendant Loden and/or other consumers and foreseeable users of a dangerous defect or condition about which the Defendant Alcon knew or should have known.

33. As a direct and proximate result of the negligence, carelessness, and wrongful conduct of the Defendant Alcon as described herein above, Plaintiff has sustained severe and permanent physical injuries, has suffered great physical and mental pain, suffering, shock, agony, additional medical treatment, emotional distress and depression. He has incurred ophthalmological, medical, and other expenses. All of Plaintiff's conditions continue at the present time and will continue in the future, in an amount to be proven at trial, but in any event, no less than two million dollars ($2,000,000.00).

(FOURTH CAUSE OF ACTION)
(IMPLIED WARRANTY OF FITNESS)
(AGAINST ALCON LABORATORIES, INC.)

34. Plaintiff re-alleges paragraphs 1 through 32 as though fully set forth herein.

35. Pursuant to T.C.A. § 47-2-315, Defendant Alcon warranted to Defendant Loden and Plaintiff, as a foreseeable beneficiary, that the Ladarvision excimer laser was fit for the particular use for which it was sold. Defendant Alcon breached this warranty by furnishing a laser to Defendant Loden which was in a dangerous and defective condition, and the injuries to the Plaintiff are the direct and proximate result of this breach of warranty.

36. As a direct and proximate result of this breach of warranty by the Defendant Alcon as described herein above, Plaintiff has sustained severe and permanent physical injuries, has suffered great physical and mental pain, suffering, shock, agony, additional medical treatment, emotional distress and depression. He has incurred ophthalmological, medical, and other expenses. All of Plaintiff's conditions continue at the present time and will continue in the future, in an amount to be proven at trial, but in any event, no less than two million dollars ($2,000,000.00).

## (FIFTH CAUSE OF ACTION)
## (IMPLIED WARRANTY OF MERCHANTABILITY)
## (AGAINST ALCON LABORATORIES, INC.)

37. Plaintiff re-alleges paragraphs 1 through 35 as though fully set forth herein.

38. Pursuant to T.C.A. § 47-2-314, Defendant Alcon warranted to Defendant Loden and Plaintiff, as a foreseeable beneficiary, that the Ladarvision excimer laser was of merchantable quality. Defendant Alcon breached this warranty by furnishing a laser to Defendant Loden which was in a dangerous and defective condition, and the injuries to the Plaintiff are the direct and proximate result of this breach of warranty.

39. As a direct and proximate result of this breach of warranty by the Defendant Alcon as

described herein above, Plaintiff has sustained severe and permanent physical injuries, has suffered great physical and mental pain, suffering, shock, agony, additional medical treatment, emotional distress and depression. He has incurred ophthalmological, medical, and other expenses. All of Plaintiff's conditions continue at the present time and will continue in the future, in an amount to be proven at trial, but in any event, no less than two million dollars ($2,000,000.00).

(SIXTH CAUSE OF ACTION)
(PUNITIVE DAMAGES
(AGAINST LODEN, LODEN VISION CENTER, AND ALCON LABORATORIES, INC.)

40. Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein.

41. That at all times mentioned in this complaint, the conduct of the Defendant Physician and or Defendant Loden Vision Center was of such a wanton, willful, reckless and heedless character as to manifest and evince a callous and reckless disregard for the safety and well-being of others, including the Plaintiff, who was caused to sustain serious and severe, permanent physical injuries as had been herein described; that the Defendant Physician and/or Defendant Loden Vision Center was guilty of wanton and willful negligence at all times relevant to this action.

42. That at all times mentioned in this complaint, the conduct of the Defendant Alcon was of such a wanton, willful, reckless and heedless character as to manifest and evince a callous and reckless disregard for the safety and well-being of others, including the Plaintiff, who was caused to sustain serious and severe, permanent physical injuries as had been herein described; that the Defendant Physician was guilty of wanton and willful negligence at all times relevant to this action.

43. That solely by reason of the foregoing, Plaintiff is entitled to punitive damages against the Defendant Physician and/or Defendant Loden Vision Center in a sum to be determined at trial.

44. That solely by reason of the foregoing, Plaintiff is entitled to punitive damages against the Defendant Alcon in a sum to be determined at trial.

(SEVENTH CAUSE OF ACTION)
(FALSE AND DECEPTIVE TRADE PRACTICES UNDER
THE TENNESSEE CONSUMER PROTECTION ACT)
(AGAINST LODEN AND LODEN VISION CENTER)

45. Plaintiffs re-allege paragraphs 1 through 43 as though fully set forth herein.

46. Within the past year, Defendants Loden and/or Loden Vision Center engaged in prohibited and unlawful unfair and deceptive trade practices and/or services as defined by the Tennessee Consumer Protection Act (T.C.A. §§ 47-18-101 et seq.) by engaging in acts and/or practices which were deceptive to Plaintiff by advertising that Dr. Loden and/or Loden Vision Centers provides a 20/20 vision money back guarantee which implies that the consumer will be able to see better by having 20/20 vision.

47. Defendant(s) Loden and/or Loden Vision Center fail to inform consumers that the money back guarantee will not be honored if the patient obtains 20/20 vision, but suffers loss of quality of life from side effects of the surgery, such as less sharp vision than before LASIK surgery, poor night vision, sun-bursts, glare, halos, or dry eyes.

48. As a proximate result of the violation of the Tennessee Consumer Protection Act by the Defendants, Plaintiff has been damaged in the amount of no less than two million dollars ($2,000,000.00).

49. The employment of the deceptive act by the Defendant was a willful and knowing violation of the Tennessee Consumer Protection Act.

50. The foregoing violation of the Tennessee Consumer Protection Act on the part of the Defendants entitles Plaintiff to recover, under T.C.A. §109(a)(3) treble damages and reasonable attorneys fees pursuant to T.C.A. § 109(e)(1).

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, for the following:

WITH RESPECT TO PLAINTIFF'S FIRST CAUSE OF ACTION FOR MEDICAL MALPRACTICE AGAINST DEFENDANTS LODEN AND LODEN VISION CENTER:

A. Damages in an amount or amounts to be proven at trial, but in any event no less than two million dollars ($2,000,000.00);

WITH RESPECT TO PLAINTIFF'S SECOND CAUSE OF ACTION FOR RES IPSA LOQUITOR AGAINST DEFENDANTS LODEN AND LODEN VISION CENTER:

B. Damages in an amount or amounts to be proven at trial, but in any event no less than two million dollars ($2,000,000.00);

WITH RESPECT TO PLAINTIFF'S THIRD CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT ALCON LABORATORIES, INC.:

C. Damages in an amount or amounts to be proven at trial, but in any event no less than two million dollars ($2,000,000.00);

WITH RESPECT TO PLAINTIFF'S FOURTH CAUSE OF ACTION FOR IMPLIED WARRANTY OF FITNESS AGAINST DEFENDANT ALCON LABORATORIES, INC.:

D. Damages in an amount or amounts to be proven at trial, but in any event no less than two million dollars ($2,000,000.00);

WITH RESPECT TO PLAINTIFF'S FIFTH CAUSE OF ACTION FOR IMPLIED WARRANTY OF MERCHANTABILITY AGAINST DEFENDANT ALCON LABORATORIES, INC.:

Copy

E. Damages in an amount or amounts to be proven at trial, but in any event no less than two million dollars ($2,000,000.00);

**WITH RESPECT TO PLAINTIFF'S SIXTH CAUSE OF ACTION FOR PUNITIVE DAMAGES AGAINST DEFENDANTS LODEN, LODEN VISION CENTER, AND ALCON LABORATORIES, INC.:**

F. Damages in an amount or amounts to be determined at trial;

**WITH RESPECT TO PLAINTIFF'S SEVENTH CAUSE FOR VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT:**

G. For compensatory damages no less two million dollars ($2,000,000.00).

H. For treble damages pursuant to the provisions of T.C.A. § 47-18-109(a)(3).

I. For attorneys' fees pursuant to the provisions of T.C.A. § 47-18-109(e)(1).

**WITH RESPECT TO ALL CAUSES OF ACTION:**

J. Legal Interest;

K. Costs of Suit; and

L. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Gerald M Schmidt*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing document has been forwarded by ☐ U.S. Mail, ☐ Facsimile or ☐ Hand Delivery, to the following person(s) on the _____ day of _____, 2010.

*Gerald M Schmidt*
Gerald M. Schmidt

Copy

## Cost Bond

We are surety for costs in this cause not to exceed Five Hundred Dollars ($500.00).

Gerald M Schmid

Copy

Case 3:10-cv-00204 Document 1-1 Filed 03/01/10 Page 15 of 33 PageID #: 18

CIRCUIT COURT SUMMONS      NASHVILLE, TENNESSEE

FILED
2010 JAN 14 PM 3: 56

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

☒ First
☐ Alias
☐ Pluries

Gerald Michael Schmidt

_____
Plaintiff

CIVIL ACTION
DOCKET NO. 10C139

**Method of Service:**

☒ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☐ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

Vs.

Loden Vision Center, James C. Loden, MD
907 Rivergate Parkway
Suite C2020
Goodlettsville, TN 37072
_____
Defendant

w/c

81

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 7-14-10

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Gerald M. Schmidt 1729 Fieldcrest Circle Address Franklin, TN 37064 |
|---|---|

TO THE SHERIFF:

Please execute this Summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this Summons for service this _____ day of _____, 20_____.

**SHERIFF**

If you have a disability and require assistance, please contact 862-5204.

Copy

FILED

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

2010 JAN 14 PM 3:50

☒ First
☐ Alias
☐ Pluries

Gerald Michael Schmidt

_____

_____
Plaintiff

CIVIL ACTION
DOCKET NO. 10C139

**Method of Service:**

☒ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

Vs.

Loden Vision Center, James C. Loden, MD
907 Rivergate Parkway
Suite C2020
Goodlettsville TN 37072

Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303; and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 1-14-10

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Gerald M. Schmidt 1729 Fieldcrest Circle Address Franklin, TN 37064 |
|---|---|

TO THE SHERIFF:

Please execute this Summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this Summons for service this _____ day of _____, 20_____.

_____
**SHERIFF**

If you have a disability and require assistance, please contact 862-5204.

Copy

FILED
2010 JAN 14 PH 4:00

**STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT**

☒ First
☐ Alias
☐ Pluries

Gerald Michael Schmidt

_____

Plaintiff

CIVIL ACTION
DOCKET NO. 10C139

**Method of Service:**

☐ Davidson County Sheriff

☒ Out of County Sheriff  Knox Co.

☐ Secretary of State

☐ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

u/c

83

Vs.

Alcon Laboratories Inc.
c/o C.T. Corporation System
800 S. Gay Street, Ste. 2021
Knoxville, TN 37929

Defendant

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _1-14-10_

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Gerald M. Schmidt |
| or | 1729 Fieldcrest Circle |
| PLAINTIFF'S ADDRESS | Address Franklin TN 37064 |

TO THE SHERIFF:

Please execute this Summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this Summons for service this _____ day of _____, 20_____.

**SHERIFF**

If you have a disability and require assistance, please contact 862-5204

Copy

# In the Circuit Court of Davidson County, Tennessee

FILED
2010 JAN 14 PH 3:52

Gerald Michael Schmidt
**Plaintiff/Petitioner**

VS.                                                    Case No. ~~08C1554~~   10C139

Loden Vision Center, James C. Loden, M.D., and Alcon
**Defendant/Respondent** Laboratories, Inc.

---

## UNIFORM CIVIL AFFIDAVIT OF INDIGENCY

I, Gerald M. Schmidt, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the expenses of this case and that I am justly entitled to the relief sought to the best of my belief. The following facts support my poverty:

1. Full Name: Gerald Michael Schmidt

2. Address: 1729 Fieldcrest Circle, Franklin, TN 37064

3. Telephone Number: (615) 790-9960

4. Date of Birth: 12/3/1969

5. Names and Ages of All Dependents:

Ethan Schmidt, 12 _____ Relationship Son _____

_____ Relationship _____

_____ Relationship _____

_____ Relationship _____

6. I am employed by: Unemployed

My employer's address is: _____

My employer's telephone number is: _____

7. My present income, after federal income and social security taxes, are deducted, is:
$ 87/week

8. I receive or expect to receive money from the following sources:

| | | |
|---|---|---|
| AFDC | $_____ per month beginning _____ |
| SSI | $_____ per month beginning _____ |
| Retirement | $_____ per month beginning _____ |
| Disability | $_____ per month beginning _____ |
| Unemployment | $ 348 per month beginning Current |

# Copy

|  |  |
|---|---|
| Worker's Compensation | $_____ per month beginning _____ |
| Other | $_____ per month beginning _____ |

9. My expenses are:

| | |
|---|---|
| Rent/House Payment | $_____ per month |
| Groceries | $____80_____ per month |
| Electricity | $_____ per month |
| Water | $_____ per month |
| Gas. | $_____ per month |
| Transportation | $___120_____ per month |
| Medical/Dental | $___113_____ per month |
| Telephone | $____70_____ per month |
| School Supplies | $_____ per month |
| Clothing | $_____ per month |
| Child Care or Court Ordered Child Support | $_____ per month |
| Other | $_____ per month |

10. Assets:

| | |
|---|---|
| Automobile | $_____(Fair Market Value)_____ |
| Checking/Savings Account | $_____ |
| House | $_97,000_ (Fair Market Value) 106,000 |
| Other | $_____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| | |
| | |

I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this action.

_Gerald M Schmidt_
PLAINTIFF/PETITIONER

Sworn and subscribed before me this __14th__ day of ___January___, 20 __10__.

_____
Notary Public or Deputy Clerk



# IN THE SECOND CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

GERALD MICHAEL SCHMIDT,

    **Plaintiff**

vs.

**LODEN VISION CENTER , JAMES**
**C. LODEN, M.D., and ALCON**
**LABORATORIES, INC.**

    **Defendants**

)
)
)
)
)
)
)
)

**No. 10C-139**
**JURY DEMAND**

## MOTION TO DISMISS ON BEHALF OF DEFENDANTS
## JAMES C. LODEN, M.D. AND JAMES C. LODEN, M.D., P.C.
## D/B/A LODEN VISION CENTERS

Pursuant to Rule 12 of the Tennessee Rules of Civil procedure and T.C.A. §§ 29-26-121 and 29-26-122, defendants James C. Loden, M.D. and James C. Loden, M.D., P.C. d/b/a Loden Vision Centers[1] move the Court to dismiss this case as against them. For grounds, these defendants state as follows:

1.     Plaintiff, Gerald Michael Schmidt, filed this case on January 14, 2010.[2]

2.     Plaintiff asserts against these defendants claims of medical malpractice[3] arising from his medical and surgical treatment by these defendants in 2006 and 2007. (First Complaint, ¶¶9-22).

---

[1] Loden Vision Centers is not a legal entity. It is an assumed name under which James C. Loden, M.D., P.C. does business.
[2] Plaintiff originally filed this case on May 16, 2008, and voluntarily dismissed it by Orders entered January 27, 2009 and July 10, 2009.
[3] While plaintiff also purports to assert a separate claim on the basis of the doctrine of "*res ipsa loquitor*," this claim arises from and is based on the same alleged facts regarding his medical and surgical treatment as is his medical malpractice claim. Therefore, plaintiff's sole claim, even assuming he states a colorable claim at all, is for medical malpractice.

Case 3:10-cv-00204   Document 1-1   Filed 03/01/10   Page 20 of 33 PageID #: 23

3.    The First Complaint does not contain a statement of compliance with the medical malpractice statute's pre-filing claim notification requirements and no such pre-filing notice was provided. T.C.A. § 29-26-121(a) and (b).

4.    Plaintiff also has not filed with the First Complaint the medical malpractice statute's required certificate of good faith documenting the required pre-filing expert review. T.C.A. § 29-26-122(a).

5.    Pursuant to T.C.A. §§ 29-26-122(a) and (c), Plaintiff's failure to file the required certificate of good faith requires that the Court dismiss this case with prejudice as against these defendants.

Accordingly, the Court should grant these defendants' motion and dismiss this case with prejudice as against them.

These defendants further move the Court to direct the entry of a final judgment as to these defendants pursuant to Rule 54.02 Tenn. R. Civ. P., there being no just reason for delay.

Noel F. Stahl    (5695)
Jeffrey Zager    (11743)
MILLER & MARTIN PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219-2433
(615) 244-9270
Attorneys for Defendants

**THIS MOTION IS EXPECTED TO BE HEARD ON FRIDAY, FEBRUARY 5, AT 9:00 A.M. PURSUANT TO LOCAL RULE 26.04(G), IF NO RESPONSE IS TIMELY FILED AND PERSONALLY SERVED, THE MOTION SHALL BE GRANTED WITHOUT FURTHER HEARING.**



## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by United States mail, first-class postage prepaid, this 21st day of January, 2010, to:

Gerald M. Schmidt
1729 Fieldcrest Circle
Franklin, TN 37064


Garry K. Grooms, Esq.
Lauren Paxton Roberts, Esq.
STITES & HARBISON, PLLC
401 Commerce Street
Suite 800
Nashville, TN 37219-2376

*Attorneys for Defendant
Alcon Laboratories, Inc.*


Ashley W. Ward, Esq.
STITES & HARBISON, PLLC
250 West Main Street
Suite 2300
Lexington, KY 40507-1758

*Attorneys for Defendant
Alcon Laboratories, Inc.*

6765264_1.DOC

3

Copy

CIRCUIT COURT SUMMONS                              NASHVILLE, TENNESSEE

FILED STATE OF TENNESSEE                    ☒ First        04
DAVIDSON COUNTY                             ☐ Alias
2010 JAN 14  20TH 59 JUDICIAL DISTRICT      ☐ Pluries

RICHARD R. ROOKER, CLERK

Gerald Michael Schmidt

                                            CIVIL ACTION
                                            DOCKET NO. 10C139

_____ Plaintiff

                                            Method of Service:

    Vs.                                     ☒ Davidson County Sheriff

Loden Vision Center, James C Loden, MD      ☐ Out of County Sheriff
907 Rivergate Parkway                       ☐ Secretary of State
Suite C2020                                 ☐ Certified Mail
Goodlettsville TN 37072                     ☐ Personal Service
                                            ☐ Commissioner of Insurance
_____ Defendant       WK

To the above named Defendant:                                    D2

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302,
P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this
Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to
the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the
relief demanded in the complaint.

                                            RICHARD R. ROOKER
                                            Circuit Court Clerk
ISSUED: ___1-14-10___                       Davidson County, Tennessee

                                            By: _____
                                                    Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Gerald M. Schmidt |
| or | 1729 Fieldcrest Circle |
| PLAINTIFF'S ADDRESS | Address Franklin, TN 37064 |

TO THE SHERIFF:

    Please execute this Summons and make your return hereon as provided by law.

                                            RICHARD R. ROOKER
                                            Circuit Court Clerk

Received this Summons for service this ___15___ day of ___Jan___, 20 _10_

                                            _____
                                                    SHERIFF

    If you have a disability and require assistance, please contact 862-5204.

Copy

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ 20 _____ day of _____ JAN. 10 _____ , 20_____ , I:

[X] served this Summons and Complaint/Petition on _____ SERVED Andy PATRICK _____

_____ WHO ACCEPTED Service for JAMES loden _____ in the following manner:

[ ] failed to serve this Summons within 90 days after its issuance because _____

_____ R. Runnels _____
Sheriff/Process-Server
1621~1027

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint in Docket No.

_____ to the defendant, _____ . On the _____ day of

_____ 20 _____ , I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____ , 20 _____ . Said return

receipt is attached to this original Summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____ , 20 _____ .

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _____

### NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original Summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.

Copy

**CIRCUIT COURT SUMMONS** NASHVILLE, TENNESSEE

FILED

2010 JAN 14 PM 3: 56

RICHARD R. ROOKER, CLERK

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

☒ First    04
☐ Alias
☐ Pluries

Gerald Michael Schmidt

_____

_____

Plaintiff

Vs.

Loden Vision Center, James C. Loden, MD
907 Rivergate Parkway
Suite C2020
Goodlettsville, TN 37072

Defendant

CIVIL ACTION
DOCKET NO. **10C139**

**Method of Service:**
☒ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

w/c

**To the above named Defendant:**

81

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _____1-14-10_____

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Gerald M. Schmidt |
|---|---|
| or | 1729 Fieldcrest Circle |
| PLAINTIFF'S ADDRESS | Address Franklin, TN 37064 |

**TO THE SHERIFF:**

Please execute this Summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this Summons for service this _15_ day of _Jan_, 20_10_.

_____
**SHERIFF**

If you have a disability and require assistance, please contact 862-5204.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _20_ day of _JAN. 10_ _____, 20____, I:

[X] served this Summons and Complaint/Petition on _SERVED Andy PATRICK WHO_ _ACCEPTED SERVICE for a lodon vision CNTR_ in the following manner:

[ ] failed to serve this Summons within 90 days after its issuance because _____

_____ R. Runnels
Sheriff/Process Server   *1015-1020*

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint in Docket No.

_____ to the defendant, _____. On the _____ day of

_____ 20_____ , I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20_____ Said return

receipt is attached to this original Summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original Summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.

Copy

# In the Circuit Court of Davidson County, Tennessee

Gerald M. Schmidt
**Plaintiff/Petitioner**

10C139

vs.

Case No. 08C1559

Loden Vision Center, James C. Loden, MD and Alcon
**Defendant/Respondent** Laboratories, Inc.

---

## ORDER ALLOWING FILING ON PAUPER'S OATH

IT APPEARS BASED UPON THE AFFIDAVIT OF INDIGENCY FILED IN THIS CAUSE AND AFTER DUE INQUIRY MADE THAT THE PLAINTIFF IS AN INDIGENT PERSON AND IS QUALIFIED TO FILE CASE UPON A PAUPER'S OATH.

IT IS SO ORDERED THIS THE 2nd DAY OF February, 20 10

_____
JUDGE

FILED 2010 FEB -2 PM 12:01 RICHARD R. ROOKER, CLERK

---

## DETERMINATION OF NON-INDIGENCY

IT APPEARING BASED UPON THE AFFIDAVIT OF INDIGENCY FILED IN THIS CAUSE AND AFTER DUE INQUIRY MADE THAT THE PLAINTIFF IS NOT AN INDIGENT PERSON BECAUSE:

_____

_____

**IT IS ORDERED AND ADJUDGED** THAT THE PLAINTIFF DOES NOT QUALIFY FOR FILING THIS CASE ON A PAUPER'S OATH.

THIS THE _____ DAY OF _____, 20 _____.

_____
JUDGE

---

NOTICE: IF THE JUDGE DETERMINES THAT BASED UPON YOUR AFFIDAVIT YOU ARE NOT ELIGIBLE TO PROCEED UNDER A PAUPER'S OATH, YOU HAVE THE RIGHT TO A HEARING BEFORE THE JUDGE OR, IN THOSE CASES THAT CAN BE APPEALED TO CIRCUIT COURT, A HEARING BEFORE THE CIRCUIT COURT JUDGE.

Copy

FILED
2010 JAN 14 PH 4:00
RICHARD R. ROOKER, CLERK

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

☒ First
☐ Alias
☐ Pluries

Gerald Michael Schmidt

_____
Plaintiff

CIVIL ACTION
DOCKET NO. 10C139

**Method of Service:**

☐ Davidson County Sheriff
☒ Out of County Sheriff  Knox Co.
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

Vs.

Alcon Laboratories, Inc.
c/o C.T. Corporation System
800 S. Gay Street, Ste. 2021
Knoxville, TN 37929

_____
Defendant

w/c

83

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 1-14-10

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Gerald M. Schmidt |
|---|---|
| | 1724 Fieldcrest Circle |
| | Address Franklin, TN 37064 |

**TO THE SHERIFF:**

Please execute this Summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this Summons for service this 19 day of Jan, 20 10.

W C Bryant #B1364
SHERIFF

♿ If you have a disability and require assistance, please contact 862-5204.

Copy

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of **FEB 01 2010** _____, 20_____, I:

_____ served this Summons and Complaint/Petition on _____

_____ in the following manner:

Ericka Fry

_____ failed to serve this Summons within 90 days after its issuance because _____
Served Special Assistant Secret.
Service of Process to C.T. Corpora
System the Registered Agent for

Alcoa Laboratories Inc.          _____ C Bryant / #131869
**Company**                       Sheriff/Process Server

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint in Docket No.

_____ to the defendant, _____. On the _____ day of

_____ 20_____ , I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20_____ Said return

receipt is attached to this original Summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20_____.          _____
                                                              PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
                                                              AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE          I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid,
COUNTY OF DAVIDSON          do hereby certify this to be a true and correct copy of the original Summons issued
                            in this case.

                            RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

                            By: _____D.C.

Copy

IN THE SECOND CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

GERALD MICHAEL SCHMIDT,

    Plaintiff

vs.

LODEN VISION CENTER , JAMES
C. LODEN, M.D., and ALCON
LABORATORIES, INC.

    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)

2010 FEB 00 PH 12: 16

RICHARD R. ROOKER, CLERK

No. 10C-139
**JURY DEMAND**

## ORDER

This matter came before the Court on February 5, 2010, for hearing on the Motion to Dismiss on Behalf of Defendants James C. Loden, MD. and James C. Loden M.D., P.C. d/b/a Loden Vision Centers. Having reviewed the Motion, and the plaintiff having failed to timely file a response as required by Local Rule 26.04, the Court finds that the Motion is well-taken and should be granted in all respects. The Court further finds that there is no just reason for delay and that a final judgment should enter in favor of these defendants pursuant to Rule 54.02 Tenn. R. Civ. P. Accordingly, it is

ORDERED that the Motion to Dismiss on Behalf of Defendants James C. Loden, MD. and James C. Loden M.D., P.C. d/b/a Loden Vision Centers be and hereby is granted and the plaintiff's case be and hereby is dismissed with prejudice as against these defendants. The Court directs the Clerk to enter a final judgment of dismissal in favor of these defendants.

The costs of this cause shall be taxed to the plaintiff.

ENTERED this ___/0___ day of February, 2010.

_____
Amanda McClendon, Circuit Court Judge

6806124_1.DOC

1



APPROVED FOR ENTRY:

_____

Noel F. Stahl    (5695)
Jeffrey Zager    (11743)
MILLER & MARTIN PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219-2433
(615) 244-9270
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by United States mail, first-class postage prepaid, this 4th day of February, 2010, to:

Gerald M. Schmidt
1729 Fieldcrest Circle
Franklin, TN 37064

Garry K. Grooms, Esq.
Lauren Paxton Roberts, Esq.
STITES & HARBISON, PLLC
401 Commerce Street
Suite 800
Nashville, TN 37219-2376

*Attorneys for Defendant*
*Alcon Laboratories, Inc.*

Ashley W. Ward, Esq.
STITES & HARBISON, PLLC
250 West Main Street
Suite 2300
Lexington, KY 40507-1758

*Attorneys for Defendant*
*Alcon Laboratories, Inc.*

6806124_1.DOC

2

COPY

IN THE SECOND CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

GERALD MICHAEL SCHMIDT,

    Plaintiff

vs.

LODEN VISION CENTER , JAMES
C. LODEN, M.D., and ALCON
LABORATORIES, INC.

    Defendants

2010 FEB 00 PM 12: 16

RICHARD R. ROOKER, CLERK

)
)
)
)
)
)
)
)
)
)
)

No. 10C-139
**JURY DEMAND**

### ORDER

This matter came before the Court on February 5, 2010, for hearing on the Motion to Dismiss on Behalf of Defendants James C. Loden, MD. and James C. Loden M.D., P.C. d/b/a Loden Vision Centers. Having reviewed the Motion, and the plaintiff having failed to timely file a response as required by Local Rule 26.04, the Court finds that the Motion is well-taken and should be granted in all respects. The Court further finds that there is no just reason for delay and that a final judgment should enter in favor of these defendants pursuant to Rule 54.02 Tenn. R. Civ. P. Accordingly, it is

ORDERED that the Motion to Dismiss on Behalf of Defendants James C. Loden, MD. and James C. Loden M.D., P.C. d/b/a Loden Vision Centers be and hereby is granted and the plaintiff's case be and hereby is dismissed with prejudice as against these defendants. The Court directs the Clerk to enter a final judgment of dismissal in favor of these defendants.

The costs of this cause shall be taxed to the plaintiff.

ENTERED this ___/_0___ day of February, 2010.

_____
Amanda McClendon, Circuit Court Judge

6806124_1.DOC

1



APPROVED FOR ENTRY:

_____
Noel F. Stahl        (5695)
Jeffrey Zager        (11743)
MILLER & MARTIN PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219-2433
(615) 244-9270
Attorneys for Defendants


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by United States mail, first-class postage prepaid, this 4th day of February, 2010, to:

Gerald M. Schmidt
1729 Fieldcrest Circle
Franklin, TN 37064


Garry K. Grooms, Esq.
Lauren Paxton Roberts, Esq.
STITES & HARBISON, PLLC
401 Commerce Street
Suite 800
Nashville, TN 37219-2376

*Attorneys for Defendant*
*Alcon Laboratories, Inc.*


Ashley W. Ward, Esq.
STITES & HARBISON, PLLC
250 West Main Street
Suite 2300
Lexington, KY 40507-1758

*Attorneys for Defendant*
*Alcon Laboratories, Inc.*